**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Sharon Ritchie, | : | Case No. 1:07 CV 0991 |
|     Plaintiff | : | |
| v. | : | |
| | : | **REPORT AND** |
| Commissioner of Social Security, | : | **RECOMMENDATION** |
|     Defendant | : | |

**I. INTRODUCTION**

This matter was referred to the undersigned Magistrate, pursuant to 28 U.S.C. § 636 and UNITED STATES DISTRICT COURT LOCAL RULE 72.2, for Report and Recommendation as to Plaintiff Sharon Ritchie's ("Plaintiff") request for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). Pending is Plaintiff's Motion (Docket No. 29), Defendant Commissioner's ("Defendant") Response (Docket No. 31) and Plaintiff's Supplemental Supporting Memorandum (Docket No. 33). For the reasons set forth below, the Magistrate recommends that Plaintiff's Motion for Attorney's Fees be granted.

**II. PROCEDURAL BACKGROUND**

On October 15, 2003, Plaintiff filed an application for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, alleging a period of disability beginning February 3, 2002 (Docket No. 22, p. 1 of 21). Plaintiff's claim

1

was denied initially on December 26, 2003, and upon reconsideration on March 26, 2004 (Docket No. 22, p. 2 of 21). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on March 30, 2004 (Docket No. 22, p. 2 of 21). This hearing took place on February 23, 2006, before ALJ John Metz ("ALJ Metz") (Docket No. 22, pp. 2-3 of 21). In his written decision, ALJ Metz concluded that Plaintiff was not entitled to benefits (Docket No. 22, p. 3 of 21). ALJ Metz's decision became the final decision of the Commissioner on February 2, 2007, when the Appeals Council denied review (Docket No. 22, p. 3 of 21).

Plaintiff filed a timely Complaint seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). On July 28, 2008, United States Magistrate Judge David S. Perelman ("Magistrate Perelman") issued a Report and Recommendation reversing and remanding the decision of the Commissioner for further consideration (Docket No. 19). On August 5, 2008, Defendant filed an Objection to the Magistrate's Report and Recommendation (Docket No. 20). On February 19, 2009, United States District Court Judge Christopher A. Boyko ("Judge Boyko") sustained Defendant's objections, effectively rejecting the Magistrate's Report and Recommendation (Docket No. 22). However, the Court noted that Magistrate Perelman failed to consider and properly evaluate the opinions of Plaintiff's treating physicians (Docket No. 22, pp. 11-20 of 21). Judge Boyko therefore reversed and remanded the Commissioner's decision for further consideration of this issue, pursuant to sentence four of 42 U.S.C. § 405(g) (Docket No. 22, p. 20 of 21).

On April 2, 2009, Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justic Act ("EAJA"), 28 U.S.C. § 2412(a), for the amount of $1,937.50 (Docket No. 24). Defendant objected to the Motion, arguing that Plaintiff failed to show that Defendant's

position in the underlying case was not substantially justified (Docket No. 25). Magistrate Perelman agreed and, on April 27, 2009, he issued a Report and Recommendation denying Plaintiff's request (Docket No. 27). On May 28, 2009, Judge Boyko issued an order adopting the Magistrate's Report and Recommendation (Docket No. 28).

Plaintiff's current Motion for Attorney's Fees was filed on January 12, 2014 (Docket No. 29). Defendant filed its Response on January 27, 2014 (Docket No. 31).

### III. STANDARD OF AWARDING FEES UNDER 42 U.S.C. § 406(b)

An attorney seeking a judicial award of compensation in social security cases usually first seeks such an award under the EAJA. This statute authorizes federal courts to require the United States to pay an award of attorney's fees to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. 28 U.S.C. § 2412(a)(1)-(2). A claimant who obtains a reversal and remand of the Commissioner's decision is considered a "prevailing party" for purposes of the EAJA, even if after remand, the same adverse decision is obtained. *See Willis v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 114829, *3 (S.D. Ohio 2013). If a claimant subsequently obtains a DIB award *after* remand, counsel may seek an additional award under the Social Security Act, 42 U.S.C. § 406(b). An award under this section authorizes payment of attorney's fees of up to twenty-five percent of a claimant's past-due benefits award. 42 U.S.C. § 406(a)(2)(A). While an award under the EAJA has no impact upon a claimant's future award of benefits, an award under § 406(b) directly *reduces* the amount of a claimant's benefits. *Willis*, 2013 U.S. Dist. LEXIS 114829 at *3. Despite this difference, an attorney may not obtain double recovery. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

When determining an appropriate award of attorney's fees, a court will give due deference to any agreement previously established by the parties. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). However, "a court is not *bound* to award recovery according to the stated agreement." *Id*. "Nevertheless, if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Id*. In the event that a court chooses *not* to give full effect to the terms of an agreement, "it should state for the record the deductions being made and the reasons therefore." *Id*. Such reductions are typically made in two situations: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) those in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. *Id*.

## IV. ANALYSIS

Upon Plaintiff's receipt of past-due benefits, the Social Security Administration withheld twenty-five percent of the amount awarded, $10,083.85, in anticipation of direct payment of authorized attorney's fees, of which $7,362.50 has already been distributed to counsel (Docket No. 29, Attachment 1). Plaintiff now seeks distribution of the balance, $2,721.35 (Docket No. 29). Defendant does not object to the award of attorney's fees nor to the specific amount requested (Docket No. 31).

**A. TIMELINESS**

Any request for attorney's fees under 42 U.S.C. § 406(b) must first and foremost be timely. While the statute itself does not contain a time limit, most courts have determined that the time frame for filing fees is governed by FED. R. CIV. P. 54(d)(2)(B). This rule requires that

fee motions be filed no later than fourteen (14) days after entry of judgment. FED. R. CIV. P. 54(d)(2)(B). However, since a sentence four remand under 42 U.S.C. § 405(g) requires entry of judgment at the time of the remand, an award under § 406(b) will rarely be calculable before the end of the fourteen-day period, thereby leaving a claimant without the opportunity to seek redress under the statute.

To avoid this harsh result, a majority of courts addressing the issue have applied R. 54(d)(2)(B) in combination with equitable tolling. *See Shack v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 152214, *6 (N.D. Ohio 2013) (*citing Proctor v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 10568, *8-9 (S.D. Ohio 2013)). Therefore, "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award." *Id*. (*quoting Proctor*, 2013 U.S. Dist. LEXIS 10568 at *11) (*citing Walker v. Astrue*, 593 F.3d 274, 280 (3rd Cir. 2010) (internal citations omitted)). Attorneys therefore have "fourteen days from notification of the notice of award to file a fee petition in the district court." *Id*.

Here, Plaintiff received notification of the notice of award on November 30, 2013 (Docket No. 29, Attachment 1). Therefore, her motion for attorney's fees should have been filed no later than fourteen days later, some time in December 2013. *See Shack*, 2013 U.S. Dist. LEXIS 152214 at *5-6. Plaintiff's Motion was not filed, however, until January 12, 2014, seemingly beyond the fourteen-day deadline (Docket No. 29). To explain the filing delay, Plaintiff filed a Supplemental Supporting Memorandum (Docket No.33). Plaintiff seeks equitable tolling for the filing of the fee petition citing delay in receiving notice from the Social Security Administration specifying the funds withheld for attorney fees, a document which Plaintiff considered necessary to support the fee petition. Additionally, Plaintiff asserts that she

5

experienced difficulty making contact and communicating with her client during the December holiday season. Defendant does not object to Plaintiff's filing on the grounds of timeliness (Docket No. 31). The Magistrate is persuaded that equitable tolling should be applied in the circumstances outlined by Plaintiff; consequently, the Magistrate finds Plaintiff's Motion to be timely.

**B.     REASONABLENESS**

As stated above, a court will give due deference to any fee agreement previously established by a claimant and her attorney and will accord a rebuttable presumption to any agreement granting an attorney twenty-five percent of the benefits awarded. *Rodriquez*, 865 F.2d at 746. However, the burden remains on the attorney seeking the award to demonstrate both her entitlement to and reasonableness of the award. *See Gisbrecht*, 535 U.S. at 807. Once established, the court may only reduce the agreed-upon fee if it finds either: (1) improper conduct or ineffectiveness of counsel; or (2) a windfall due to either an inordinately large benefit amount or from minimal effort expended. *Rodriquez*, 865 F.2d at 746.

        **1.     IMPROPER CONDUCT OR INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant makes no allegation of improper conduct or ineffective assistance of counsel (Docket No. 31). Nor does the record contain evidence of any such conduct. Counsel expended a total of thirteen hours in her representation of Plaintiff (Docket No. 29, Attachment 3). Counsel made a good faith effort to be clear and succinct in her pleadings and there is no evidence of either padding or the assertion of frivolous claims. Neither does counsel's schedule of services include any excessive, redundant, or unnecessary hours (Docket No. 29, Attachment 3). Counsel's competence and effectiveness are further evidence by the remand to the

Commissioner, issued on February 19, 2009, and the subsequent award of past-due benefits to Plaintiff. Therefore, this Magistrate finds no evidence of improper conduct or ineffective assistance of counsel.

2. **WINDFALL**

In a request for fees under § 406(b) where a contingent fee agreement is present, a windfall only occurs "when the hypothetical hourly rate, which is the fee requested divided by the number of hours worked, is more than *twice* the standard rate for such work in the relevant market." *Shack*, 2013 U.S. Dist. LEXIS 152214 at *11 (*citing Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (emphasis in original)). Counsel presents evidence that she has been awarded attorney's fees in the past at a rate of $300 per hour, which seems reasonable based on counsel's extensive experience and practice in the area of Social Security Disability law (Docket No. 29, Attachment 4, pp. 3-4 of 4). Plaintiff now seeks a total of $2,721.35 which, with thirteen hours of work, Plaintiff alleges divides into an hourly rate of $209.33 (Docket No. 29). However, we must remember that counsel was previously awarded $7,362.50 under § 206(A) of the Social Security Act (Docket No. 29, Attachment 1), making counsel's *total* award under the Act $10,083.85. This translates into an hourly rate of $775.68. This amount is more than twice the hourly rate counsel alleges she receives for her work on Social Security disability cases (Docket No. 29, Attachment 4, pp. 3-4 of 4). However, the Sixth Circuit has held that, in applications for fees under § 406(b), it is "error for the district courts to reduce the attorney's fee award on the ground that the amounts called for by the [twenty-five percent] contingency agreements computed to high hourly rates." *Hayes*, 923 F.2d at 421. The *Hayes* Court went on to note

> [i]t is not at all unusual for contingent fees to translate into large hourly rates . . . . In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and under-compensate in others. It is the nature of the beast.

*Id*. Therefore, while counsel's *actual* hourly rate in this case is indeed more than double her normal hourly rate, it is still within the twenty-five percent agreed-upon and statutory limit.

Furthermore, Defendant offers no objection to the amount of the requested fee (Docket No. 31). Therefore, the Magistrate finds that Plaintiff's current requested award does not constitute a windfall for counsel.

### IV. CONCLUSION

For the foregoing reasons, the Magistrate recommends that Plaintiff's Motion for Attorney's Fees in the amount of $2,721.35 be granted.

/s/ Vernelis K. Armstrong<br>
United States Magistrate Judge

Date: February 14, 2014

## V. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.